■ In the Matter of the Claim of BARBARA L. HADDEN, Respondent, v CAMP AMERICA et al., Appellants., WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 850] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed August 23, 2001, which ruled that claimant sustained a compensable injury.

In June 1990 claimant, a native of Great Britain, came to New York on a four-month J-1 visa as part of a cultural exchange program. Specifically, claimant's sponsoring organization, Camp America (hereinafter the employer), a subsidiary of the American Institute for Foreign Study, placed claimant as a counselor at Timberlake Camp in the Town of Shandaken, Ulster County, in exchange for which claimant was to receive $650 in cash and services from the employer. Shortly after her arrival, claimant participated in a work-related "trust activity" that required her fellow camp counselors to catch claimant as she fell back into their arms. Although the counselors caught claimant, she thereafter slipped through their arms, fell to the ground and injured her back, resulting in a traumatic vestibular dysfunction. Claimant was treated at two New York hospitals, and CIGNA Companies, which had provided travel and health insurance for claimant, paid all medical bills.

Claimant thereafter filed two C-3 forms setting forth the time and details of her injury, and CIGNA subsequently controverted the claim raising, among other issues, coverage, the identity of the proper carrier and lack of an employer/employee relationship. Following various hearings and an investigation into the insurance coverage issue, the Workers' Compensation Board ultimately concluded that claimant sustained a compensable injury while in the employ of Camp America and that CNA Insurance was the proper compensation carrier. The Board continued the case for further development of claimant's average weekly wage, and this appeal ensued.

We affirm. The various issues raised on appeal do not warrant extended discussion. To be sure, resolution of the disputed issues would have been aided by a more fully developed record. Nonetheless, based upon our review of the record as a whole, we cannot say that the Board's findings are not supported by substantial evidence.

Although a representative of the American Institute for Foreign Study denied that claimant was employed at Timberlake Camp as a summer counselor, the certificate of eligibility for exchange visitor status and claimant's C-3 forms provide substantial evidence to the contrary. We reach a similar conclusion regarding the issue of coverage and the identity of the proper carrier. The record reflects that Kansas City Fire and Marine, which subsequently was acquired by CNA, provided insurance coverage to the American Institute for Foreign Study at the time of claimant's accident. The remaining arguments raised, including the assertion that there is insufficient medical evidence to support a finding that claimant sustained a compensable work-related injury, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.